IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEREMY WILDMAN,<br>       Petitioner,<br><br>v.<br><br>RICK THALER, Director,[1]<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>       Respondent. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:12-CV-117-Y<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.     NATURE OF THE CASE**

This action is construed as a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.[2]

---

[1] Petitioner designates The United States of America as Respondent, however he is a state prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, challenging a state court conviction. As such, the correct respondent is Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Rules Governing Section 2254 Cases, Rule 2(a). The clerk of court is directed to docket and change the designation of the respondent accordingly.

[2] Petitioner filed the instant petition on a form § 2255 motion. Nevertheless, it is clear petitioner is a state prisoner challenging a state court conviction. The proper form within which to raise his claims is a form § 2254 petition. Rules Governing Section 2254 Cases, Rule 1(a)(1).
(continued...)

B.  **PARTIES**

Petitioner Jeremy Wildman, TDCJ-ID #1277576, is a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Lubbock, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No process has been issued upon Respondent.

C.  **PROCEDURAL HISTORY**

Petitioner is serving a life sentence on his 2004 conviction for capital murder in Tarrant County, Texas, in Case No. 0921584D. The history relevant to this case is set forth in the undersigned's findings and conclusions in *Wildman v. Thaler*, Civil Action No. 4:10-CV-987-Y. This is the second federal petition for writ of habeas corpus filed by petitioner challenging the 2010 conviction. His previous petition was dismissed as time-barred on August 9, 2011. *Id.*

D.  **SUCCESSIVE PETITION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[3] The Court

---

[2](...continued)
Petitioner has not paid the $5.00 filing fee or filed an application to proceed in forma pauperis.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

(continued...)

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records in petitioner's prior habeas action, of which this court can take judicial notice, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3); *In re Johnson*, 322 F.3d 881, 882 (5th Cir. 2003). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

---

[3](...continued)
Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Because petitioner has not shown he has obtained leave to file a successive petition from the Fifth Circuit Court of Appeals, this court is without jurisdiction to consider the petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## II. RECOMMENDATION

In the interest of justice, it is recommended that this action be transferred to the United States District Court of Appeals for the Fifth Circuit to determine whether a successive § 2254 should be allowed.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 21, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

4

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 21, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __28__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE